ILLOVSKY & CALIA LLP
Eugene Illovsky (State Bar No. 117892)
eugene@illovskycalia.com
Eva Schueller (State Bar No. 237886)
eschueller@illovskycalia.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
Daniel Weltin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMEPORT INSURANCE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VERONICA MCRAE, an individual, DANIEL WELTIN, an individual, PHILIP WELTIN, an individual, WELTIN STREB & WELTIN LLP, a California Limited Liability Partnership, and DOES 1-25,<br><br>　　　　　　　Defendants. | Case No. 23-cv-06409-HSG<br><br>**DEFENDANT DANIEL WELTIN'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:　February 15, 2024<br>Time:　2:00 p.m.<br>Ctrm:　2, 4th floor<br>Honorable Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on Thursday, February 15, 2024, at 2:00 p.m. in Courtroom 2 on the 4th Floor of the United States Courthouse, 1301 Clay Street, Oakland, California, Defendant Daniel Weltin, will and does move to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff Homeport Insurance has failed to state a claim against Defendant Weltin; (2) California's anti-SLAPP law bars this lawsuit, (3) Homeport's claims are preempted by the federal Longshore Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*, and (4) Complaint does not provide fair notice to Defendant Weltin of the claims against him as required under Rule 8(a)(2). The Motion is based on this Notice; the attached brief in support; and all other pleadings, files, and records in this action; and such other argument as this Court may receive.

## STATEMENT OF REQUESTED RELIEF

Defendant Daniel Weltin requests that the Court dismiss all of Plaintiff Homeport Insurance's claims against him with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Homeport's lawsuit against Mr. Weltin is a textbook example of a SLAPP suit—a strategic lawsuit against public participation—designed to impose substantial litigation defense costs that chill his (and other attorneys') ability to represent claimants seeking benefits under the Longshore Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* ("LHWCA"). Such legal representation is already difficult to find. As reflected in this case, attorneys are entitled only to limited attorneys' fee awards under LHWCA. There are thus understandably few attorneys able to assist claimants in protracted, complicated administrative proceedings against well-resourced employers and their insurers, like Homeport.

Mr. Weltin is one of the few attorneys in his region who continues to handle LHWCA claims. For the heavily litigated effort in which he represented Defendant Veronica McRae in settling her LHWCA claim, Mr. Weltin received a $15,000 fee award as part of a settlement agreement with

Homeport. That award was approved by a federal Administrative Law Judge ("ALJ") in a final and binding Order Approving Settlement and Fees on October 21, 2022 (the "Order").[1]

Homeport now alleges it later discovered evidence that Ms. McRae misrepresented her marital status during her claim proceedings. Homeport does not and cannot allege that Mr. Weltin had any knowledge whatsoever of Ms. McRae's alleged misconduct. In fact, Homeport attests to having conducted its own extensive investigations regarding Ms. McRae's marital status prior to settlement, discovering nothing.

Despite knowing that it cannot (and did not) make a single allegation of wrongful, knowing, or intentional conduct by Mr. Weltin, Homeport filed suit accusing him of conversion and a panoply of other inapplicable or nonexistent claims. From Mr. Weltin, Homeport seeks in part a return of the $15,000 they paid him pursuant to the Order.

**Statement of Issues**. As explained further below, this lawsuit is squarely barred by California's anti-SLAPP statute. Under that statute, Mr. Weltin is entitled to and respectfully requests his attorneys' fees and costs. All of Homeport's purported claims against Mr. Weltin are also subject to dismissal for failure to plead essential elements of each claim, because they are preempted by federal law, and for failure to provide fair notice under Rule 8(a)(2).

## II. Relevant Background

### A. The Federal Administrative Proceeding

In January 2021, Defendant Veronica McRae submitted a claim under LHWCA seeking benefits arising from the injury and later death of Anthony McRae, who passed away in December 2020.[2] Defendant McRae settled her claim with Mr. McRae's employer SSA Terminals LLC and Homeport under section 908(i) of the LHWCA. The settlement agreement was then approved in a final and binding Order Approving Settlement and Fees on October 21, 2022 (the "Order").[3] Defendant Daniel Weltin represents Ms. McRae in that federal administrative proceeding and

---

[1] ECF No. 1-2 [Complaint] at 059-061.
[2] ECF No. 1 [Notice of Removal] at ¶ 7.
[3] ECF No. 1-2 [Complaint] at 059-061.

1   received $15,000 from Homeport in statutory attorneys' fees under the ALJ's Order as part of that
2   settlement agreement. *See* 33 U.S.C. § 928(e).
3       In August 2023, Homeport began a multi-pronged attack on the ALJ's Order. First, on August
4   15, 2023, Homeport filed a motion to set aside the settlement agreement with the United States
5   Department of Labor, Office of Administrative Law Judges (the "OALJ Proceeding").[4] In response to
6   that motion, Ms. McRae has disputed the fraud allegations, explaining that she understood only that
7   she and Mr. McRae separated from 2009 to 2012, but that they lived together until his death in 2020,
8   and she had in good faith believed they were married. Putative spouses and dependents are also
9   entitled to death benefits under the LHWCA. Ms. McRae also argues that she was entitled to benefits
10  as his dependent regardless of whether she qualifies as a "widow" under the LHWCA. The OALJ
11  Proceeding remains pending as of the date of this filing.
12      Second, on August 22, 2023, Homeport filed a complaint in California state court, as discussed
13  further below.[5]

14  **B.    Homeport's Lawsuit Against Daniel Weltin**

15      One week after moving to set aside the LHWCA settlement in the OALJ Proceeding,
16  Homeport filed a complaint in Alameda County against not only Ms. McRae but also asserting claims
17  against Mr. Weltin and Philip Weltin, Ms. McRae's other attorney and Daniel Weltin's father[6], as
18  well as the law firm Weltin Streb & Weltin LLP. The complaint includes the following causes of
19  action: (1) fraud – against Defendant McRae only, (2) conversion – against all defendants, (3)
20  imposition of constructive trust – against all defendants, (4) unjust enrichment – against all
21  defendants, (5) declaratory relief – against all defendants, and (6) injunctive relief. The complaint
22  seeks return of the $425,000 payment made to Defendant McRae under the settlement agreement and
23  $30,000 in statutory attorneys' fees awarded to Defendants Daniel and Philip Weltin.
24      Homeport's complaint acknowledges that the company hired investigators to assess the status
25  of Ms. McRae's marriage and that their investigation prior to settlement did not uncover any

---

[4] ECF No. 1-3 [Homeport's OALJ Motion to Set-Aside Settlement] at 082-088.
[5] ECF No. 1-2 [Complaint].
[6] "Mr. Weltin" in this motion and accompanying documents refers to the movant, Daniel Weltin, unless otherwise stated.

evidence of the purported fraud on which it now seeks to rely.[7] Homeport's lawsuit seeks to undo the ALJ's Order and unwind the entire settlement, including the attorneys' fees award ordered under the LHWCA.

Homeport does not allege in either proceeding that Defendant Weltin had any knowledge of any alleged fraud. Nor does it allege any knowing or intentional conduct, or independent duty owed by Mr. Weltin to Homeport. The only allegations regarding Mr. Weltin that reference his conduct at all are found in the following conclusory allegations:

- Pursuant to Defendant Attorneys' representation of Defendant McRae in her fraudulent death benefits claim, Defendant Attorneys' [sic] received $15,000.00 each for fees and costs incurred for legal services performed before the Office of Workers' Compensation Programs and Office of Administration – for a total of $30,000.00. The fees Defendant Attorneys received were improper and must be returned to Homeport Insurance.[8]

- Defendant Attorneys wrongly received $30,000.00 in fees in representing Defendant McRae's fraudulent death benefit claim.[9]

- Defendants' interference with the Plaintiff's ownership and right to possession of the $425,000.00 death benefits and the $30,000.00 paid to Defendant Attorneys was knowing and intentional.[10]

- Plaintiff demanded that Defendants return its property. Defendants did not return any of the property demanded by Plaintiff.[11]

Homeport's complaint also acknowledges the legal dispute regarding whether Defendant McRae would have been entitled to benefits in the event of uncertain marital status.[12] And it includes a boilerplate conspiracy paragraph, which does not include any specific substantive factual allegations against any of the defendants.[13]

### III. Legal Framework

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *W. Marine Prods., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 572

---

[7] ECF Nos. 1-2 [Complaint] at 003, ¶ 9; 1-3 [Homeport's OALJ Motion] at 090.
[8] ECF No. 1-2 [Complaint] at ¶ 15.
[9] *Id*. at ¶ 26.
[10] *Id*. at ¶ 27.
[11] *Id*. at ¶ 28.
[12] *Id*. at ¶ 41.
[13] *Id*. at ¶ 6.

F. Supp. 3d 841, 847 (N.D. Cal. 2021) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing a motion to dismiss under Rule 12(b)(6), courts accept as true all "well pleaded factual allegations," but are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (*quoting Iqbal*, 556 U.S. at 678); *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (holding courts need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences…").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Finally, documents that are attached to and relied upon in a complaint, such as the OALJ Proceeding documents here, are incorporated into the pleading. *See, e.g*., Fed. R. Civ. Proc. Rule 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Holly Sugar Corp. v. McColgan*, 18 Cal.2d 218, 227 (1941) (establishing framework for incorporating exhibits into the body of the complaint).

## IV. Argument

### A. Homeport Fails to State a Claim of Conversion Against Mr. Weltin

Homeport does not come close to properly alleging a claim of conversion against Mr. Weltin. Conversion is a tort involving "the wrongful exercise of dominion over personal property of another." *Voris v. Lampert*, 7 Cal.5th 1141, 1150 (2019). "[T]he tort comprises three elements: '(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages.'" *Id*. Here, Homeport's own pleading shows that it cannot allege the first element. Its fraud allegations against Ms. McRae seeking to rescind the settlement agreement are disputed and have not been decided by any tribunal. As such, Homeport has no ownership or right to possession of the statutory attorneys' fees awarded to Mr. Weltin in that Order. Homeport makes no allegations of wrongful conduct or

fraud against Mr. Weltin, nor could it. Nor does Homeport even allege that in the event of fraud in OALJ settlement proceedings, an attorneys' fees award is subject to reimbursement.

Homeport's allegations have not created an ownership right or right to possession over the moneys sought in its lawsuit. To hold otherwise would turn *every* breach of contract and contract rescission claim into a conversion claim. Any party to a contract could manufacture a conversion claim by simply accusing their counterparty of fraud and demanding a return of all consideration. No legal authority supports such an absurd result.

Homeport's conversion claim is also barred by the economic loss rule. "The economic loss rule, in summary, 'is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement.'" *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) (holding that bad faith or fraud in the course of a contractual relationship falls within the scope of the economic loss rule); *see also Correia v. Johnson & Johnson Consumer Inc.*, No. CV 18-9918 PSG (ASX), 2019 WL 2120967, at *5 (C.D. Cal. May 9, 2019) (finding conversion claim arising from product design barred by California's economic loss rule); *Pollok v. Vanguard Grp., Inc.*, No. 2-16-CV-6482-JLS-JCGx, 2017 WL 4786007, at *5 (C.D. Cal. Aug. 21, 2017) (dismissing conversion claim based on economic loss rule). Here, as in *JMP*, Homeport's allegations against Mr. Weltin are all based on a contractual relationship. Because there is no way that Homeport can amend to adequately plead the elements of conversion or to escape the application of the economic loss rule, its conversion claim should be dismissed with prejudice.

**B.    Homeport's Lawsuit Violates the Litigation Privilege And is Thus Barred by California's Anti-SLAPP Statute**

All of Homeport's allegations against Mr. Weltin concern the attorneys' fees he was awarded "in representing Defendant McRae's fraudulent death benefit claim."[14] A frivolous conversion claim against an attorney for performing his job on behalf of a client is well-established to be an improper SLAPP suit in California. *See Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200,

---

[14] ECF No. 1-2 [Complaint] at ¶ 26.

210 (2015) (holding that conversion claims against attorneys violated California's litigation privilege and warranted granting defendants' anti-SLAPP motion).

A meritless lawsuit seeking to chill a defendant's protected petitioning activity is a prohibited Strategic Lawsuit Against Public Participation ("SLAPP") under California law. *Id.* at 209-10; Cal. Civ. Proc. Code § 425.16. The court in *Finton* assessed a similar conversion claim based on attorneys' litigation conduct, noting that determining whether such conduct is protected "is a very easy one in the instant case." *Id.* at 210 (explaining that California's anti-SLAPP statute protects "communicative conduct such as the filing, funding, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation.") (internal citations omitted). The court explained that "[u]nder the plain language of section 425.16, subdivisions (e)(1) and (2), as well as the case law interpreting those provisions, **all communicative acts performed by attorneys as part of their representation of a client** in a judicial proceeding or other petitioning context are **per se protected as petitioning activity by the anti-SLAPP statute**...." *Id.* (*citing Cabral v. Martins*, 177 Cal.App.4th 471, 479–480 (2009)) (emphasis added).

It is well-established in the Ninth Circuit that California's anti-SLAPP statute applies and should be assessed under Rule 12(b)(6) when it challenges a complaint. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ("If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." (*quoting Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999)). The California statute's attorney's fee provision also applies in federal court. *Id.* As such, should the Court grant Mr. Weltin's motion to dismiss, Mr. Weltin respectfully requests his attorneys' fees in defending against Homeport's complaint under the statute's mandatory fee-shifting provision.

### C. All of Homeport's Other Claims Against Mr. Weltin Are Derivative of Its Defective Conversion Claim

All of Homeport's other claims—constructive trust, unjust enrichment, declaratory relief, and injunctive relief—are remedies that first require some form of liability. *See, e.g., City of Oakland v.*

1  *Oakland Raiders*, 83 Cal. App. 5th 458, 477 (2022) (unjust enrichment is a remedy); *Communist*
2  *Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 991 (1995) (discussing constructive trusts).
3  Further, none of these purported claims is properly alleged against Mr. Weltin. Each consists of a
4  bare, conclusory recitation of the claim elements at best. Because the conversion claim fails, so too
5  do each of the remedial claims.

6  **D.    Homeport's Lawsuit is Preempted by Federal Law**

7  Homeport's claims all seek to challenge a settlement it agreed to under the process set forth in
8  LHWCA. As such, and as further explained in Defendant's Notice of Removal, Homeport's claims
9  are preempted by federal law. (*See* ECF No. 1 [Notice of Removal].) Briefly, and as alleged in
10 Homeport's complaint, Ms. McRae settled her claim for benefits under LHWCA with Homeport
11 pursuant to section 908(i) of LHWCA.[15] As part of the settlement agreement, her attorneys received
12 fees as set forth in the statute. *See* 33 U.S.C. § 928(e). On October 21, 2022, ALJ Hon. Richard Clark
13 approved the settlement agreement including the petition for attorneys' fees, in an Order finding that
14 "…the settlement agreement appears to be reasonable, adequate, and not the result of duress."[16] Judge
15 Clark also found that:

> The parties are aware of the costs of proceeding to trial and the potential outcome should the matter proceed with litigation. The parties submit the instant 8(i) to resolve the outstanding issues relevant to Decedent's workplace injury claims arising from this work for Employer. The parties seek to settle the claims and buy their peace.[17]

19 Despite these findings, and Homeport's extensive pre-settlement investigations, nearly a year later
20 Homeport filed a motion with the ALJ seeking to set-aside the Order.[18] This lawsuit is entirely
21 redundant of the relief sought in that motion, which is proceeding under LHWCA as required.

22 The Ninth Circuit has held that similar claims are preempted. *See Stevedoring Services of*
23 *America, Inc. v. Eggert*, 953 F.2d 552 (9th Cir.), *cert. denied*, 505 U.S. 1230 (1992) (discussing the
24 recoupment of benefits after fraud has been shown at trial); *accord Ceres Gulf v. Cooper*, 957 F.2d

---

[15] ECF No. 1-2 [Complaint] at ¶ 7.
[16] *Id*. at 59-60.
[17] *Id*. at 22:11-12.
[18] ECF No. 1-3 [Homeport's Motion] at 082-088.

1199, 1207-08 (5th Cir. 1992). Homeport's claims against Mr. Weltin relate entirely to attorneys' fees received pursuant to LHWCA, and are thus similarly preempted.

### E. Homeport's Lawsuit Against Mr. Weltin Does Not Satisfy Rule 8(a)(2)

On top of the fatal legal deficiencies set forth above, Homeport's complaint should be dismissed because it fails to satisfy the pleading standards set forth in Rule 8. Fed. R. Civ. P. 8(a)(2). As explained above, a complaint must include "more than labels and conclusions" to give a defendant fair notice of the basis for a claim. *Twombly*, 550 U.S. at 555. Homeport's claims as to Mr. Weltin consist of—at most—a vaguely asserted, boilerplate conspiracy paragraph, conclusory allegations of law, and multiple references to the fact that he represented a claimant in a LHWCA settlement proceeding, for which he received an attorneys' fee award under that federal statute. These allegations do not come close to establishing a "plausible" basis for any claims against Mr. Weltin, further establishing that Homeport's lawsuit is a SLAPP suit that should be dismissed with prejudice. *Id*. at 570; *Finton*, 238 Cal. App. 4th at 209-10.

### V. Conclusion

For the reasons set forth above and in the accompanying documents, Defendant Daniel Weltin respectfully requests Homeport's lawsuit be dismissed with prejudice, and that he be awarded his reasonable attorneys' fees under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16(c).

Dated:  December 19, 2023

ILLOVSKY & CALIA LLP
EUGENE ILLOVSKY
EVA SCHUELLER

  /s/    Eva Schueller

Attorneys for Daniel Weltin