1

2   Eugene Illovsky (State Bar No. 117892)
    eugene@illovskycalia.com
3   Eva Schueller (State Bar No. 237886)
    eschueller@illovskycalia.com
4   1611 Telegraph Ave., Ste. 806
    Oakland, CA 94612
5   Telephone: (415) 500-6640

6
    Attorneys for Defendant
7   Daniel Weltin

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  HOMEPORT INSURANCE,                        Case No. 23-cv-06409-HSG

12                   Plaintiff,                **DEFENDANT DANIEL WELTIN'S REPLY
                                               IN SUPPORT OF MOTION TO DISMISS
13           v.                                UNDER RULE 12(b)(6) AND
                                               CALIFORNIA'S ANTI-SLAPP STATUTE**
14
    VERONICA MCRAE, an individual, DANIEL
15  WELTIN, an individual, PHILIP WELTIN, an   Date:   February 15, 2024
    individual, WELTIN STREB & WELTIN LLP,     Time:   2:00 p.m.
16  a California Limited Liability Partnership, and   Ctrm:   2, 4th floor
    DOES 1-25,                                 Honorable Haywood S. Gilliam, Jr.
17
18                   Defendants.

19

20

21

22

23

24

25

26

27

28

Defendant Daniel Weltin respectfully submits this reply in support of his motion to dismiss Plaintiff Homeport Insurance's ("Homeport") claims against him under Federal Rules of Civil Procedure 12(b)(6) and California's anti-SLAPP statute. (ECF No. 7.)[1]

### INTRODUCTION

Mr. Weltin's dismissal motion showed that Homeport's complaint should be dismissed for four reasons. *First*, Homeport fails to state a conversion claim because it has not alleged a right to possession or ownership of the statutory attorneys' fees the company paid to Mr. Weltin pursuant to a federal administrative order. *Second*, California's anti-SLAPP law bars Homeport's claims because they arise from his legal representation of a client. *Third*, Homeport's attempt to undo the federal administrative order making the fee award is preempted by the federal Longshore Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* ("LHWCA"). And *fourth*, Homeport's complaint does not provide fair notice to Mr. Weltin of the claims against him as required under Rule 8(a)(2). Homeport's response fails to engage each of Mr. Weltin's dismissal arguments, focusing instead on remand and discovery issues that have no bearing on this motion.

### A. Homeport cannot allege conversion because it has no right to the attorneys' fees it paid pursuant to a federal administrative order that remains in effect.

Our opening brief showed that Homeport's conversion claim fails because it has no ownership or possessory right to the attorneys' fees Mr. Weltin received under LHWCA pursuant to a federal administrative law judge's Order Approving Settlement and Fees. (ECF No. 7 at 6-7.) That order was entered on October 21, 2022 and remains in effect. (*See* ECF No. 1-2 [Complaint and Exhibits] at 59-61.) Homeport responds that conversion is a "strict liability tort" and that Mr. Weltin "took possession of $15,000 of Plaintiff's funds he was not entitled to given that his client was not entitled to receive the funds from Plaintiff Homeport Insurance." (ECF No. 11 at p. 3.) Homeport ignores the fact that to state a claim for conversion it must first establish that it has a right to ownership or possession of the property in question. Homeport cannot plead this element because Mr. Weltin received attorneys' fees pursuant to the ALJ's order. And Homeport concedes that it has not even

---

[1] All subsequent references to Rules are to the Federal Rules of Civil Procedure unless otherwise stated.

DEF. REPLY ISO MOTION TO DISMISS
Case No.: 23-cv-06409-HSG

1  alleged any fraud or knowledge of fraud or false pretenses against Mr. Weltin, let alone obtained a

2  ruling from any tribunal to that effect. (ECF No. 11 at p. 2 ("the fraud claim is not alleged against the

3  removing party, Daniel Weltin" and p. 4 ("The fraud cause of action is not alleged against the moving

4  party Defendant herein.").) Homeport cannot allege that it has any right to the fees received by Mr.

5  Weltin pursuant to the ALJ order approving his fee petition under LHWCA.

6      In other words, Homeport's allegations or arguments as to why it believes the federal

7  LHWCA order or settlement agreement *should* be unwound have no bearing on its *current* ownership

8  or possessory right to a return of Mr. Weltin's statutory attorneys' fees. Even if a LHWCA settlement

9  agreement can be unwound due to fraud by a claimant, a proposition for which Homeport offers no

10 support, whether that would also require the return of statutory attorneys' fees would remain an open

11 question. *See, e.g.*, *State Comp. Ins. Fund v. Chapman*, 267 Mont. 484, 491 (1994) (holding that a

12 claimant's conviction for fraud did not allow for a return of his attorneys' fees under Montana law

13 because it is "important that at some point in time innocent third persons who have provided services

14 to injured working people be able to rely on the finality of the Workers' Compensation Court's

15 judgments"). As such, whether Mr. Weltin's LHWCA fees are at risk due to Ms. McRae's alleged

16 fraud requires interpretation of LHWCA's attorney fee and remedial provisions—none of which has

17 been determined by any tribunal.[2] Homeport's theory of conversion would turn every breach of

18 contract or rescission claim involving unresolved fraud accusations, and every challenge to an

19 attorneys' fee award, into conversion. No legal authority supports such an absurd result, and

20 Homeport cites none. Its conversion claim thus fails.

21     Our opening brief also showed that Homeport's conversion claim fails under California's

22 economic loss doctrine, which bars tort claims "where the breach of duty is nothing more than a

23 violation of a promise which undermines the expectations of the parties to an agreement." *JMP Sec.*

24 *LLP v. Altair Nanotechnologies Inc*., 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) (holding that bad

25 faith or fraud in the course of a contractual relationship falls within the scope of the economic loss

26 rule). A settlement agreement is of course a contract. Homeport's complaint alleges that the LHWCA

27

28

---

[2] This also relates to Mr. Weltin's preemption arguments, discussed in our opposition to Homeport's remand motion (ECF No. 12) and *supra* at Section C.

DEF. REPLY ISO MOTION TO DISMISS
                                        Case No.: 23-cv-06409-HSG

settlement agreement to which it was a party was based on Defendant McRae's false pretenses or fraud, and as such the federal order approving that agreement and attorneys' fees should be set aside. Whether or not Homeport included any explicitly contractual claims in its complaint seeking return of moneys paid pursuant to that agreement and order, it is ultimately challenging conduct that undermined its expectations in relation to that contractual relationship. Homeport's attempt to distinguish *JMP* and its restatement of the economic loss doctrine fails to recognize the settlement agreement as a contract. (ECF No. 11 at pp. 3-4 ("The subject action does not include a breach of contract cause of action against any of the defendants.").)

Homeport's remaining claims against Mr. Weltin are derivative of the defective conversion allegations and should thus be dismissed. And, as Homeport's response shows, the remedies of "constructive trust" and "unjust enrichment" also require allegations of "wrongful" conduct, but no such allegations are asserted against Mr. Weltin.

**B.    Homeport's claims against Mr. Weltin all explicitly relate to his representation of a client in a federal legal proceeding and are thus barred under California's anti-SLAPP law.**

Our opening brief showed that the allegations against Mr. Weltin in Homeport's complaint all arise from his legal representation of his client in her LHWCA claim proceeding and settlement. (*See, e.g.*, ECF No. 7 at p. 5 (listing claims against Mr. Weltin premised on "Defendant Attorneys' representation of Defendant McRae in her fraudulent death benefits claim"). Homeport responds that its claims against Mr. Weltin "did not arise in furtherance of his right of petition or free speech, ***or even pursuant to his defense of his client (McRae)***" and Mr. Weltin's "receipt of payment was not itself an action in furtherance of his client's case." (ECF No. 11 at p. 6, emphasis added.) According to Homeport, Mr. Weltin's receipt of attorneys' fees (as agreed to and approved under LHWCA in the federal administrative order) "occurred after he ceased to represent his client and should not be confused as an action undertaken on her behalf" but rather was a "separate self-interested act…" (*Id.*) This response ignores LHWCA, well-established California law, and the fundamental nature of legal representation, as well as Homeport's own allegations that repeatedly acknowledge that Mr. Weltin's attorneys' fees were earned "[p]ursuant to" his "representation" of Ms. McRae. (ECF No. 7 at p. 5.)

Nothing in law or reason supports Homeport's assertion that its claims against Mr. Weltin do not arise from his protected conduct representing his client in a claim proceeding under LHWCA, which required that his application for fees be approved by the ALJ. *See* 33 U.S.C. § 928(c); 20 C.F.R. § 702.132; *see also* ECF No. 1-2 [Complaint] at 46-58 [Petitions for Attorneys Fees and Costs] and 59-61 [Order Approving Settlement and Fees]. As explained in Mr. Weltin's motion "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute...." *See Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 210 (2015) (holding that conversion claims against attorneys violated California's litigation privilege and warranted granting defendants' anti-SLAPP motion). And it is well-established that acts in furtherance of settlement negotiations and post-judgment conduct by attorneys constitute protected activities. *See, e.g.*, *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) (discussing application of anti-SLAPP protections to post-judgment attorney conduct); *Optional Cap., Inc. v. Akin Gump Strauss, Hauer & Feld LLP*, 18 Cal. App. 5th 95, 114 (2017) ("because settlement negotiations are regarded as an exercise of the right to petition, communications during such negotiations are regarded as having been made in connection with the underlying lawsuit for purposes of section 425.16, subdivision (e)(2)"); *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1420 (2001) (holding that tort claims arising from pro bono counsel's "acts of negotiating a stipulated settlement" arose from protected activity). Such conduct does not exist outside of that representation. As the California Supreme Court has explained, conduct protected under the anti-SLAPP statute "includes communicative conduct such as the filing, ***funding***, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation." *Rusheen*, 37 Cal.4th at 1056 (emphasis added and internal citations omitted).

LHWCA provides a process for receipt of attorneys' fees, including in the course of settlement agreements, because of the public interest at stake in ensuring that injured workers have access to legal representation and so that the cost of such representation does not diminish their benefits. *See Oilfield Safety & Mach. Specialties, Inc. v. Harman Unlimited, Inc.*, 625 F.2d 1248, 1257 (5th Cir. 1980) ("Section 928(a) is designed to ensure that an employee will recover the full

1    amount of his statutory benefits.") In reviewing the fee provision's legislative history, the Fifth

2    Circuit has explained that it "ensures that an employee will not have to reach into the statutory

3    benefits to pay for legal services, thus diminishing the ultimate recovery." *Id*.  LHWCA claim

4    settlement negotiations and the receipt of statutory attorneys' fees as a result of compliance with that

5    law are a direct part of the attorneys' representation of their client.

6          Homeport's citations in support of its argument that the gravamen of its complaint does not

7    arise from Mr. Weltin's representation of a LHWCA claimant are inapposite. In *PrediWave Corp.*,

8    the court confirmed a narrow exception to anti-SLAPP protections for "clients' causes of action

9    against their former attorneys." *PrediWave Corp. v. Simpson Thacher & Bartlett LLP*, 179 Cal. App.

10   4th 1204, 1228 (2009). And *Hylton* similarly involved claims by a client against a former attorney.

11   *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264 (2009). Homeport's citation to *Scott v.*

12   *Metabolife Internat., Inc.*, 115 Cal. App. 4th 404 (2004), involving personal injury claims arising

13   from the sale of defective product, is even further afield. None of these cases has any bearing here.

14   Homeport's effort to distinguish *Finton* fares no better. Just as the law firm sued in *Finton* received

15   allegedly converted property in the course of its representation of a client, Mr. Weltin received

16   attorneys' fees in furtherance of his representation of a LHWCA claimant after his petition for

17   approval of such fees was approved by an ALJ. *Finton*, 238 Cal. App. 4th at 210. Homeport offers no

18   authorities that support its position that its claims against Mr. Weltin do not arise from his

19   representation of a client in her LHWCA proceeding.

20         Homeport also argues that Mr. Weltin was required to submit a declaration in support of his

21   anti-SLAPP motion. (ECF No. 11 at p. 5.) But the California statute does not require a supporting

22   declaration—it just states that the court should consider any that have been submitted. *See* Cal. Civ.

23   Proc. Code § 425.16(b)(2) ("In making its determination, the court shall consider the pleadings, and

24   supporting and opposing affidavits stating the facts upon which the liability or defense is based.").

25   And, in any event, California's procedural rules do not control in federal court. As explained in our

26   opening brief, the Ninth Circuit has held that in federal court Rule 12(b)(6) governs anti-SLAPP

27   motions such as this that are based on the legal insufficiency of a plaintiff's claims as opposed to

28   factual arguments. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828,

834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ("If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies."); *see also Mosafer, Inc. v. Broidy*, No. 22-55265, 2023 WL 8295921, at *2 (9th Cir. Dec. 1, 2023) ("Where, as here, the anti-SLAPP motion challenges only the legal sufficiency of the complaint, the Rule 12(b)(6) standard for failure to state a claim applies.").

Indeed, because Mr. Weltin's motion makes a threshold showing that Homeport's complaint arises from Mr. Weltin's protected activity, the burden shifts to Homeport "to establish a probability of prevailing on the claim." *Rusheen*, 37 Cal. 4th at 1056. "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Id.* (internal citations omitted). Homeport's response provides no substantiation of its claims against Mr. Weltin, as explained above. Homeport's assertion about a TRO purportedly entered against Ms. McRae, in support of which it cites only to its complaint, has no bearing on the merits of its claims against Mr. Weltin and should be disregarded.

In sum, Mr. Weltin met the threshold requirement of showing that Homeport's claims arise from his protected conduct and Homeport has not shown it will prevail on its claims against Mr. Weltin. The claims should be dismissed with prejudice, and Mr. Weltin should be awarded his reasonable attorneys' fees and costs incurred in defending against Homeport's baseless complaint.

### C.      Homeport's claims against Mr. Weltin are preempted under LHWCA.

As we showed in our opening brief, and in our brief opposing Homeport's remand motion, Homeport's attempt to undo the federal ALJ's order awarding fees to Mr. Weltin pursuant to a section 8(i) settlement are completely preempted by LHWCA. (ECF No. 7 at p. 9; ECF No. 12 at pp. 8-10.) Again, Homeport's complaint itself alleges that its claims relate to Ms. McRae's settlement of her claim for benefits under LHWCA. That Ms. McRae's claim settlement followed the procedures set forth in the statute and its implementing regulations is also reflected in the complaint and its exhibits, including the Order Approving Settlement and Fees. (*See* ECF No. 1-2 [Complaint and Exhibits] at ¶ 7, 22:11-12, 59-61; *see also* ECF No. 12 at p. 9, *citing* Dept. of Labor Desk Book,

1  "SECTION 8(i)—Settlement and Withdrawal of Claims" at p. 1 ("Section 8(i) is the only means for

2  compromising an employer's obligation to pay benefits under the Act …").)

3        Homeport's response to Mr. Weltin's preemption argument is to recite vague, general

4  principles of law and to dismiss the Ninth Circuit's finding of LHWCA preemption in an analogous

5  case as "dicta." (ECF No. 11 at 10, discussing *Stevedoring Services of America, Inc. v. Eggert*, 953

6  F.2d 552 (9th Cir.), *cert. denied*, 505 U.S. 1230 (1992) (claims related to the recoupment of benefits

7  after a showing of fraud were preempted).) Homeport does not address its own allegations

8  acknowledging that its claims all involve a settlement entered pursuant to LHWCA and approved by

9  a federal administrative judge in a currently binding administrative order. Nor does Homeport dispute

10  that it is currently seeking to set aside that same order in the federal administrative proceeding while

11  seeking the same relief through this complaint. And Homeport offers no legal authority finding that

12  claims related to attorneys' fees awarded in LHWCA settlement proceedings are *not* preempted.

13        Federal law occupies the process for settling LHWCA claims, awarding attorneys' fees

14  incurred in connection with such claims, the review and modification of LHWCA compensation

15  orders, and penalties for misrepresentations by claimants. *See* 33 U.S.C. § 928(e) (prohibiting the

16  receipt of attorney's fees without approval); 33 U.S.C. § 921 ("Any person adversely affected or

17  aggrieved by a final order of the Board may obtain a review of that order in the United States court of

18  appeals for the circuit in which the injury occurred..."); 33 U.S.C. § 922 (modification of awards),

19  § 931 (penalty for misrepresentation). A determination of Homeport's state law claims against Mr.

20  Weltin necessarily requires the application and interpretation of the federal statutory scheme. As

21  such, Homeport's claims against Mr. Weltin are preempted.

22        **D.**    **Homeport's complaint is impermissibly vague and conclusory as to Mr. Weltin.**

23        Mr. Weltin's motion explained that Homeport's complaint fails to satisfy Rule 8 because its

24  claims against Mr. Weltin consist only of a boilerplate conspiracy paragraph, conclusory allegations

25  of law, and a few references to the fact that he represented a claimant in a LHWCA settlement

26  proceeding, for which he received an attorneys' fee award under that federal statute. In response,

27  Homeport does not cite a single allegation in the complaint that offers the information required under

28  Rule 8. (ECF No. 11 at pp. 10-11.) Instead, Homeport states only that "Defendant Weltin is alleged to

    DEF. REPLY ISO MOTION TO DISMISS
Case No.: 23-cv-06409-HSG

have improperly obtained, and continues to retain, Plaintiff's funds he is not entitled to receive, and which he must return pursuant to the causes of action discussed above." (*Id.*)

Homeport's response in defense of its complaint's compliance with Rule 8 illustrates the extent to which its claims against Mr. Weltin are fatally deficient. It is facially implausible that attorneys' fees received pursuant to a binding federal order were "improperly obtained" or that Mr. Weltin was "not entitled to receive" such fees. Given that Homeport has acknowledged that it has not alleged any wrongful conduct by Mr. Weltin, Rule 8 requires dismissal.

## CONCLUSION

For the reasons set forth above and in Mr. Weltin's motion papers, Mr. Weltin respectfully requests Homeport's lawsuit be dismissed with prejudice and without leave to amend, and that he be awarded his reasonable attorneys' fees under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16(c).

Dated:  January 9, 2024

ILLOVSKY & CALIA LLP
EUGENE ILLOVSKY
EVA SCHUELLER

  /s/   Eva Schueller

Attorneys for Daniel Weltin

DEF. REPLY ISO MOTION TO DISMISS
Case No.: 23-cv-06409-HSG