UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMEPORT INSURANCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERONICA MCRAE, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-06409-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**<br><br>Re: Dkt. No. 8 |

Pending before the Court is Plaintiff Homeport Insurance's motion to remand, Dkt. No. 8. The Court finds this matter appropriate for disposition without oral argument and deems it submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court will **GRANT** Plaintiff's motion to remand.

**I.    BACKGROUND**

In August 2023, Homeport Insurance Company ("Plaintiff") filed suit against Veronica McRae ("Defendant McRae") and her lawyers, Daniel Weltin, Philip Weltin and Weltin, Streb & Weltin ("Defendant Attorneys") (collectively, "Defendants") in Alameda County Superior Court. Dkt. No. 1-2, Ex. A ("Compl."). The suit alleges that a settlement reached by (as relevant here) Plaintiff, Defendant McRae and her Defendant Attorneys in October 2022 – in which Plaintiff agreed to disburse $425,000 to Defendant McRae and $30,000 to Defendant Attorneys – is invalid because it was obtained by fraud. *See generally* Compl. The settlement at issue resolved the death benefit claim filed by Defendant McRae under the Longshore & Harbor Workers' Compensation Act ("LHWCA") to recover death benefits for Anthony McRae (the "Decedent"), who she represented was her spouse, and who passed away in December 2020 following a workplace slip and fall injury, lumbar surgery, and finally a stroke. *Id*. ¶¶ 7, 8.

Plaintiff alleges that after the settlement was approved, and after Defendant McRae, based on her status as the Decedent's widow, received $425,000 in death benefits, the Decedent's daughter informed Plaintiff that Defendant McRae was not married to the Decedent at the time of his death. Compl. ¶ 11. Plaintiff pleads that court records show that a default judgment of marriage dissolution had been entered against Defendant McRae in February 2010, and that Defendant McRae had unsuccessfully attempted to set aside that default judgment in September 2022. *Id*. ¶ 13. Plaintiffs allege that Defendant McRae's efforts to set aside the dissolution show that she knowingly misrepresented her relationship to the Decedent throughout the mediation and settlement of her LHWCA death benefit claim. *Id*. ¶ 12. Because it accordingly believes that it paid out the $425,000 in death benefits to Defendant McRae and $30,000 in attorneys' fees to her legal team based on deception, Homeport asserts state claims against Defendant McRae for fraud and deceit, and against all Defendants for conversion and unjust enrichment.[1]

In November 2023, Defendant Daniel Weltin removed the state court complaint to federal court with the consent of his co-defendants. *See* Dkt. No. 1 ("Notice of Removal") ¶ 23. In the Notice of Removal, Defendant Weltin alleges that jurisdiction in this Court exists under federal question jurisdiction because "the LHWCA occupies the entire field of disability claim settlement procedures at issue in Homeport's state court complaint," such that the LHWCA "completely preempts Plaintiff's state law claims." Notice of Removal. *Id*. ¶ 14.

The following month, Defendant Weltin filed a motion to dismiss, Dkt. No. 7, and Plaintiff filed a motion to remand, Dkt. No. 8. Both motions are now fully briefed. *See* Dkt. No. 11 ("MTD Opp."), 13 ("MTD Reply"), 12 ("Remand Opp."), 14 ("Remand Reply").[2]

//

---

[1] Plaintiff is also seeking relief through the administrative process. A week before filing its state court complaint, Plaintiff filed a motion to set aside the settlement agreement with the United States Department of Labor, Office of Administrative Law Judges based on Defendants' allegedly fraudulent representations. Dkt. No. 1 ¶ 3. While the administrative law judge overseeing the matter has confirmed that he has jurisdiction to hear the challenge, Dkt. No. 1-3 (Ex. C to Declaration of Eva Schueller) at 27, Plaintiff's motion remained pending at the time of removal, Dkt. No. 1 ¶ 3.

[2] On February 8, 2024, the other Defendant Attorneys joined in Daniel Weltin's motion to dismiss and in his opposition to Homeport's motion for remand. *See* Dkt. Nos. 16, 17.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id*. at 393 (emphasis in original); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("A state action cannot be removed to federal court based on a federal defense, even that of preemption . . . ."). "This rule makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citation omitted).

However, there is a corollary to that precept known as the "complete preemption doctrine," which provides federal jurisdiction over otherwise unremovable state law claims. "Complete preemption is 'really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013) (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009)); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Put another way,

"[c]omplete preemption . . . applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Dennis*, 724 F.3d at 1254); *see also Young*, 830 F.2d at 996–97 (holding that where "the preemptive force of a statute [is] so extraordinary," the complete preemption doctrine effectively "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule"). Accordingly, "[t]o determine whether a claim is completely preempted, the court asks whether Congress (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir.)*, cert. denied,* 143 S. Ct. 444 (2022) (internal citation omitted). The doctrine's application is the exception. To date, "[t]he Supreme Court has identified only three complete preemption statutes: § 301 of the Labor Management Relations Act, § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), and §§ 85 and 86 of the National Bank Act." *Saldana*, 27 F.4th at 686 (quoting *City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020)).

## III.   DISCUSSION

The sole question before the Court is whether Defendant Weltin has shown the preemptive force of the LHWCA to be "so extraordinary" that Homeport's state law claims are "convert[ed]" into federal claims for purposes of the well-pleaded complaint rule. The Court easily concludes that he has not. Despite arguing that the doctrine applies, Defendant Weltin does not cite to a single federal authority finding that the LHWCA completely preempts state law claims like those asserted by Plaintiff. Nor is the Court aware of any. The only circuit that appears to have weighed in on the matter unequivocally determined that the LHWCA does *not* have the effect of conferring federal jurisdiction over state law claims under the complete preemption doctrine, notwithstanding the statute's exclusive remedy provision and its generally broad scope. *See Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1165 (5th Cir. 1989). Even putting the dearth of authority aside, Defendant Weltin has not otherwise demonstrated, by pointing for instance to legislative history or other indicia of congressional intent, that the LHWCA's statutory scheme "wholly displaces" Plaintiff's state law claims and supplies substitute

4

causes of action. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). To the extent Defendant argues that the LHWCA's provisions governing settlements between claimants and employers are proof of that displacement, the Court is not convinced: if that were all it took for the complete preemption doctrine (as opposed to the *defense* of preemption) to apply, the doctrine would entirely fail to impose meaningful limits on removability.

Defendant Weltin simply has not met his burden of showing that the LHWCA exerts "unusually powerful" preemptive force capable of converting Plaintiff's state law fraud, deceit, conversion, and unjust enrichment claims into federal law causes of action. *Id*. Accordingly, the Court finds that "[t]he LHWCA is, in this case, nothing more than a statutory defense to a state-court cause of action" and therefore presents a "classic circumstance of non-removability." *Aaron*, 876 F.2d at 1166. Based on this conclusion, and seeing as no other grounds for removal were alleged, the Court declines to reach Plaintiff's additional arguments in favor of remand or pass upon the merits of Defendant Daniel Weltin's motion to dismiss. The motion to remand is **GRANTED.**

IV.   **CONCLUSION**

The Court **GRANTS** Plaintiff's motion to remand, Dkt. No. 8. The Clerk is directed to remand the case to Alameda County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated:   8/16/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge